Amir J. Goldstein, Esq. (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GREINER, <br><br> Plaintiff, <br><br> v. <br><br> KIA MOTORS FINANCE, TRANSUNION, LLC, EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO.:   8:20-cv-444 <br><br> COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendants, KIA MOTORS FINANCE, TRANSUNION, LLC, EQUIFAX, INC., and EXPERIAN INFORMATION SOLUTIONS, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of: the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"), which prohibits creditors and/or debt

collectors from engaging in abusive, deceptive and unfair practices; the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et seq.) and California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.), which requires maximum accuracy with regard to consumer credit reporting. Plaintiff also alleges violations under the Consumer Leasing Act ("CLA") (15 U.S.C. §§1667 et seq.), breach of contract and violations of California Business and Professions Code §17200 et seq.

## PARTIES

2. Plaintiff is a natural person residing in Orange County, California, is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and a "lessee" as defined by 15 U.S.C. §1667.

3. Upon information and belief, Defendant Kia Motors Finance is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681 et seq. and a "lessor" as defined by 15 U.S.C. §1667. Defendant Kia Motors Finance is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

4. Upon information and belief, Defendant TransUnion, LLC ("Defendant TransUnion") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

5. Upon information and belief, Defendant Equifax, Inc. ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

6. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

7. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

8. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

9. That in or about August 2019, Plaintiff returned a leased vehicle to Defendant Kia Motors Finance (hereinafter referred to as "Kia").

10. That as of the date of said return, Plaintiff's account with Kia was current with no past due amounts.

11. That Plaintiff was advised that there were no other financial obligations remaining on the Kia account.

12. That in or about December 2019, however, Plaintiff discovered adverse credit information on his credit reports regarding the aforementioned Kia account.

13. That namely, Defendant Kia was reporting the Kia account as 30 days past due.

14. That upon discovering the adverse information, Plaintiff immediately contacted Defendant Kia to dispute the reporting and to immediately settle any alleged balances in order to avoid further damage to his credit reports.

15. That despite Plaintiff's efforts, Defendant Kia failed to properly investigate Plaintiff's disputes and continued to report the account negatively and inaccurately on Plaintiff's credit reports.

16. That the negative and inaccurate reporting remained on Plaintiff's credit reports, including those generated by Defendants Experian, Transunion and Equifax.

17. That as a result of Defendants' conduct, Plaintiff suffered damages.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## DEFENDANT KIA MOTORS FINANCE

18. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

19. That in an attempt to collect on an alleged debt, Defendant Kia reported the Plaintiff's account to various credit agencies, including the three major credit bureaus (Defendants Experian, Equifax and TransUnion).

20. That Defendant Kia caused adverse information to appear on Plaintiff's credit reports for the above-referenced account.

21. That the adverse account or negative tradeline(s) being reported by Defendant Kia was inaccurate.

22. That in or about January 2020, Plaintiff mailed Defendant Kia a letter wherein Plaintiff disputed in writing, the adverse account being reported on his credit reports by Defendant Kia and requested removal of said adverse reporting.

23. That Defendants Experian, Equifax and TransUnion also received disputes in or about January 2020 wherein Plaintiff disputed the adverse account being reported on his credit reports by Defendant Kia.

24. That as of the date of the filing of this Complaint, the negative tradeline(s) reported by Defendant Kia remain on Plaintiff's credit reports.

25. That Defendant Kia violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by: continuing to represent the account inaccurately to the Plaintiff's credit file with the credit reporting agencies; failing to fully and properly investigate the Plaintiff's dispute of the representation; failing to review all relevant information regarding same; failing to accurately respond to Defendants TransUnion, Equifax and Experian; failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct their own internal records.

26. That as a result of this conduct, action and inaction of the Defendant Kia, the Plaintiff suffered damage including but not limited to: loss of credit[1]; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. [2]

27. That the conduct, action and inaction by Defendant Kia was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.[3] In the alternative, Defendant Kia was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

---

[1] Reporting a debt to a credit reporting agency has an adverse consequence on the debtor, as it may damage the debtor's credit rating and the debtor's ability to obtain credit. See *Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222, 1234–35 (C.D.Cal.2007).

[2] "Actual damages" as that term is used in the FCRA includes noneconomic damages. *Levine v World Financial Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006); *Philbin v. TransUnion Corp.,* pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). 101 F.3d 957 (3d Cir. 1996); *Boris v. Choicepoint Services, Inc.,* 249 F. Supp.2d 851, 859 (W.D. Ky.2003) (citations omitted) ("It is well settled that actual damages under the FCRA are not limited to pecuniary out of pecuniary out of pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).

[3] The U.S. Supreme Court has held that "The [Ninth Circuit] Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the

28. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant Kia in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## DEFENDANT KIA MOTORS FINANCE

29. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

30. California Civil Code §1785.25 prohibits a person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.[4]

31. That by its acts and practices as hereinabove described, Defendant Kia willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiff to various consumer reporting agencies.[5]

32. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.[6]

---

meaning of §1681n(a)." *Safeco Ins. Co. v Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007). "Reckless disregard" means an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.*, 551 U.S. at 69, 127 S. Ct. at 2215, quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

[4] The private right of action to enforce provision of California credit reporting law proscribing the furnishing of incomplete or inaccurate information to consumer credit reporting agency is <u>not</u> preempted by the FCRA. Fair Credit Reporting Act, § 605 et seq., 15 U.S.C.A. § 1681c et seq.; West's Ann. Cal. Civ. Code § 1785.25(a).

[5] Unlike the FCRA, there is no notice requirement under the California Code. This violation is triggered upon the initial furnishing of inaccurate information, regardless of the date when a subsequent dispute is made. CA Civil Code § 1785.25(a).

[6] California Civil Code §1785.31 provides a remedy for "negligent" and "willful" violations of the CCRAA. An individual who suffers damages as a result of the violation can recover actual

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## DEFENDANT KIA MOTORS FINANCE

33. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendant Kia has violated the Rosenthal Act as follows, without limitation:

   i. Defendant Kia has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

   ii. Defendant Kia has violated §1788.13 which prohibits false representations that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.[7]

35. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant Kia's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

36. In addition, because the Defendant Kia's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

---

damages, including attorney's fees and court costs, as well as punitive damages up to a maximum amount of $5,000 for willful violations.

[7] Reporting debts to credit reporting agencies is one of the most commonly-used arrows in the debt collector's quiver. *Moscona v California Business Bureau, Inc.* 2011 WL 5085522 at *4 (quoting *Edeh v Midland Credit Mgmt., Inc.*, 748 F. Supp.2d 1030, 1035 (D. Minn. 2010).

37. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## DEFENDANT KIA MOTORS FINANCE

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. The Consumer Leasing Act, 15 U.S.C. §1667 et seq., ("CLA") was enacted to ensure that consumers receive meaningful disclosure of terms in consumer leases, to limit the liability resulting from the leasing of personal property, and to require meaningful and accurate disclosures of lease terms in advertising.

40. That Defendant Kia willfully and intentionally violated the CLA by failing to adequately disclose to Plaintiff the various fees, charges and/or other financial obligations he would be responsible for once the leased vehicle was returned.

41. That the various charges and/or fees incurred by the Plaintiff were unlawful, deceptive and unfair.

42. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to 15 U.S.C. §1667d.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## DEFENDANT KIA MOTORS FINANCE

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. That Defendant Kia breached its contract with the Plaintiff by the following acts which include, but are not limited to: failing to provide proper disclosures; failing to remove negative and false reports, publishing false and inaccurate information and/or

failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN

45. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

46. That upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants TransUnion, Equifax and Experian did not evaluate nor consider any of Plaintiff's information and claims and did not make any attempt to substantially or reasonably verify the representations made by Defendant Kia.

47. That in the alternative to the allegation that Defendants TransUnion, Equifax and Experian failed to contact Defendant Kia, Plaintiff alleges that Defendants TransUnion, Equifax and Experian did forward notice of the dispute to Defendant Kia yet failed to conduct a lawful investigation.

48. That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiff.

49. That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax and Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50. That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

In the alternative, Defendants TransUnion, Equifax and Experian, were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

51. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN

52. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53. That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Defendant Kia; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

54. That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax and Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

55. That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants TransUnion, Equifax and Experian, were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

56. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN

57. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

58. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.14 (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff.

59. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but are not limited to: failing to consider all relevant information submitted by Plaintiff with respect to Plaintiff's dispute, failing to correct and/or delete inaccurate information on Plaintiff's credit reports.

60. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

## AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS

61. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

62. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

63. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

64. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

65. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.
66. That the Defendants have been unjustly enriched by committing said acts.
67. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.
68. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.
69. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendants in the amount of:

(a) Statutory damages and actual damages provided by statute, including, but not limited to: Civil Code §1788.30 et seq., 15 U.S.C. §1667 et seq., 15 U.S.C. §§ 1681n and 1681o and California Civil Code §1785.31, in an amount to be determined at the time of trial;

(b) Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n ; California Civil Code §1785.31; California Civil Code §1788.30, et seq.,; 15 U.S.C. §1667 et seq.; common law; and/or the Court's inherent power;

(d) Equitable and injunctive relief;

(e) Restitution; and

(f) For such other and further relief as may be just and proper.

Plaintiff requests trial by jury on all issues so triable.

Dated: March 4, 2020          AMIR J. GOLDSTEIN, ESQ.

                               /S/ Amir J. Goldstein
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194